UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTORIA BRANNON,<br><br>                    Plaintiff(s),<br>          v.<br><br>CARDINAL HEALTH et al.,<br><br>                    Defendant(s). | CASE NO. 2:22-cv-00395-TL<br><br>ORDER TO SHOW CAUSE |

    This matter is before the Court on its own motion to clarify its order for Plaintiff Victoria Brannon to return the summonses that were issued in this case. Plaintiff filed this case *pro se* on March 29, 2022, with an application to proceed *in forma pauperis*. Dkt. No. 1. On March 31, U.S. Magistrate Judge S. Kate Vaughn granted Plaintiff's motion to proceed *in forma pauperis* and Plaintiff's Complaint was filed on the docket. *See* Dkt. Nos. 3, 4. That same day, the Clerk mailed Plaintiff a letter explaining her obligation under the Court's local rules to present a "summons to the clerk in the proper form, prepared for issuance, with sufficient copies for service." LCR 4(a). Court records indicate that Plaintiff presented the required summons forms

to the Clerk in person at the U.S. District Court in Tacoma, Washington, and that summonses for Defendants Cardinal Health and Trisha Smith were issued to Plaintiff in hardcopy. The Court did not retain copies of the duly issued summonses.

On June 3, 2022, the Court received a request from Plaintiff for the Court to serve Defendants on her behalf. Dkt. No. 5. Per the Federal Rules of Civil Procedure, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915." Fed. R. Civ. Proc. 4(c)(3). In order for service to be effective a duly issued "summons must be served with a copy of the complaint[, and] [t]he plaintiff is responsible for having the summons and complaint served within [90 days from the filing of the complaint] and must furnish the necessary copies to the person who makes service." *Id.* at 4(c)(1) (emphasis added).

Because the Court did not retain copies of the summonses that were issued to Plaintiff, it entered a Minute Order instructing Plaintiff to return the summonses to the Court. Dkt. No. 6. The Court noted that failure to return the summonses could result in the denial of Plaintiff's request for the Court to serve the Defendants. *Id.* The Court included a self-addressed, postage-paid envelope for Plaintiff to use to return the summonses by mail. *Id.* On July 20, the Court received the return mail envelope from Plaintiff, but the envelope contained only a copy of the Court's Minute Order and did not include the summonses. Dkt. No. 7.

The Court therefore ORDERS:

1. Plaintiff must show cause, by **no later than August 17, 2022,** why the Court should not deny her request for service on Defendants and dismiss this case for failure to comply with the Court's orders. If Plaintiff needs more time to comply with this Order, she must request an extension by **no later than August 12, 2022**.

2. Recognizing that Plaintiff is acting *pro se* and might not have fully understood the previous Minute Order, the Court notes that Plaintiff may satisfy this Order to Show Cause by returning the paper summonses to the Court as previously ordered. If Plaintiff no longer has the summonses that were issued in hardcopy at the U.S. District Court in Tacoma, Plaintiff may also prepare new summons forms to present to the Clerk, either in person or by mail, for reissuance.

3. Plaintiff's Motion for Service by the Court (Dkt. No. 5) shall be **re-noted for August 17, 2022**, to allow time for Plaintiff to respond to this Order to Show Cause.

4. The time for service per Rule 4 is extended to **August 31, 2022**.

Dated this 27th day of July 2022.

*[signature]*

Tana Lin
United States District Judge