UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICTORIA BRANNON,<br><br>                Plaintiff,<br>v.<br><br>CARDINAL HEALTH et al.,<br><br>                Defendants. | CASE NO. 2:22-cv-00395-TL<br><br>ORDER FOR ADDITIONAL INFORMATION FROM PLAINTIFF TO AFFECT SERVICE OF PROCESS |

      This matter is before the Court on its own motion. On March 29, 2022, Plaintiff Victoria Brannon filed this lawsuit with an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. Ms. Brannon was granted IFP status (Dkt. No. 3), and her Complaint was filed on the docket (Dkt. No. 4). On March 31, the Clerk of the Court informed Ms. Brannon of her obligation to present summonses for the Clerk to issue per the Court's Local Rules. Dkt. No. 2. Summonses where then issued in paper form at the Tacoma Federal Courthouse on May 2, 2022. On June 3, Ms. Brannon filed a motion for leave to have process served on the named defendants by the Court. Dkt. No. 5. Because the federal rules require service of process to include the summonses

issued by the Clerk, which were not in the Court's possession, the Court ordered Ms. Brannon to provide the Clerk with a copy of the paper summonses before it ruled on her motion. Dkt. No. 8. Ms. Brannon complied with the Court's order (Dkt. Nos. 9-10), and the Court granted Plaintiff's motion (Dkt. No. 11). At the Court's direction, the Clerk mailed copies of the Complaint, summonses, Notice of Lawsuit and Request for Waiver of Service of Summons, Waiver of Service of Summons, and the Court's order to each named defendant, along with a postage-prepaid return envelope addressed to the Clerk's Office. Dkt. No. 11. The Court granted the Defendants 30 days to return the waivers. *Id.*

The Clerk mailed the documents as directed to the named defendants at the addresses provided by Ms. Brannon on the summons forms. Unfortunately, the Court has no way of ensuring that the documents were delivered to the appropriate recipients as the Defendants' failure to return the waivers as ordered may be due to the documents being delivered to an address or entity that is not the authorized agent of service for the respective Defendants. Additionally, the Court recognizes that Ms. Brannon, who is proceeding *pro se*, may not be familiar enough with the federal rules of procedure to understand the intricacies of the rules regarding service of process and how to properly locate the service address for an entity. *See generally* Fed. R. Civ. P. 4. As such, the Court believes that Ms. Brannon may benefit from the appointment of pro bono counsel who can assist her in this litigation.

If Ms. Brannon would like to pursue the appointment by the Court of pro bono counsel, she is ORDERED to complete and file an Application for Court-Appointed Counsel in Title VII Action,[1] a copy of which will be included with this order, **by no later than November 21, 2022**.

---

[1] Also available at https://www.wawd.uscourts.gov/sites/wawd/files/ApplforCourtAppCounsel-EmplDiscrim.pdf.

ORDER FOR ADDITIONAL INFORMATION FROM PLAINTIFF TO AFFECT SERVICE OF PROCESS - 2

If Ms. Brannon is committed to proceed with her action without the assistance of counsel, she is instead ORDERED to provide the Court with notice that includes sufficient information to allow it to affect service of process on the named Defendants pursuant to the federal rules, **by no later than November 21, 2022**. For the individually named Defendant, Trisha Smith, the Court will require information sufficient to identify her for personal service and information regarding her home address. *See* Fed. R. Civ. P. 4(e). For the named corporate entity, Cardinal Health, the Court will require information regarding the identity of an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and confirmation of the appropriate address at which they may be found. *See id.* at 4(h).

Dated this 7th day of November 2022.

Tana Lin
United States District Judge